**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASKIA J. NASH, Petitioner, | : | Civil Action No. 05-3096 (DMC) |
| v. | : | **OPINION** |
| KATHRYN McFARLAND, et al., Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Askia J. Nash
449822
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302-3479

**CAVANAUGH**, District Judge

This matter is before the Court on Petitioner Askia J. Nash's Petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

I. BACKGROUND

This background statement is taken from the allegations contained in the Petition, and is accepted as true for purposes of this Opinion.

On April 3, 2003, in the Superior Court of New Jersey, Trial Division, Essex County, Petitioner was convicted of aggravated

Dockets.Justia.com

sexual assault, child endangerment, and terroristic threats. He was sentenced to a term of 22 years of imprisonment

The Superior Court of New Jersey, Appellate Division, affirmed on March 22, 2005. Petitioner sought review in the Supreme Court of New Jersey and that review is "pending." (Pet. ¶ 9(e)(2).)

On June 13, 2005, this Court received the Petition for writ of habeas corpus under 28 U.S.C. § 2254, which was dated May 31, 2005.

## II. ANALYSIS

### A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B.  The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

In the present case, Petitioner asserts on the face of his Petition that his direct appeal to the Supreme Court of New Jersey remains pending.

Further, Petitioner has neither asserted nor demonstrated an absence of available state process. Before failure to exhaust will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

As a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims. District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.

Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

Alternatively, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, it appears from the face of the Petition that Petitioner has failed to exhaust his state court remedies and that he has failed to assert any grounds to excuse that failure to exhaust.

## III. CONCLUSION

For the foregoing reasons, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state court remedies. An appropriate Order follows.

Dennis M. Cavanaugh
United States District Judge

DATED: 6/27/05